**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

DILIP NEPAL,

      Plaintiff,

v.                                    Civil Action No. 1:12-cv-612-TSE/TCB

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION, LLC;
EQUIFAX INFORMATION SERVICES LLC,
and BRANCH BANKING AND TRUST COMPANY,

      Defendants.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by and through counsel, hereby files its answer and defenses to Plaintiff's Complaint ("Complaint").

**PRELIMINARY STATEMENT**

In submitting its Answer and Defenses to the Complaint, Equifax denies all allegations contained in the unnumbered paragraphs and headings in the Complaint, and specifically denies any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be required. In response to the specific enumerated paragraphs in the Complaint, Equifax responds as follows:

**ANSWER**

In response to the specific enumerated paragraphs in the Complaint, Equifax responds as follows:

1.      Equifax admits that Plaintiff purports to bring this action for violations of the Fair Credit Reporting Act ("FCRA") and the Real Estate and the Settlement Procedures Act

("RESPA"), and seeks actual, statutory and punitive damages, costs, and attorney's fees. Equifax denies that it violated the FCRA, RESPA, or any other law, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2.      Equifax admits that this Court has personal jurisdiction over Equifax under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies those allegations.

3.      Equifax admits that its registered agent is located in Richmond, Virginia.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those allegations.

5.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those allegations.

8.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies those allegations.

9.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

11.     Equifax admits Equifax Information Services LLC that it is a limited liability company authorized to conduct business in the Commonwealth of Virginia and that it maintains a registered agent in Richmond, Virginia.  Equifax denies the remaining allegations in Paragraph 11.

12.     Equifax admits the allegations in Paragraph 12.

13.     Equifax admits that it provides consumer reports to third parties with a permissible purpose for obtaining such reports, that the reports are provided under contractual agreements, and that Equifax is paid for the reports.

14.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies those allegations.

16.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies those allegations.

17.     Equifax admits that it received a copy of a February 9, 2011 letter.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, therefore, denies those allegations.

18.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies those allegations.

19.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies those allegations.

20.     Equifax admits that on or about August 28, 2011, Equifax received a dispute letter and enclosures from Plaintiff concerning the BB&T account.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, denies those allegations.

21.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies those allegations.

22.      Equifax admits that on or around September 8, 2011, it sent the results of the investigation to Plaintiff in which BB&T verified that the account was $11,598 past due and was delinquent since May 2010.  Equifax denies the remaining allegations in Paragraph 22.

23.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies those allegations.

24.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies those allegations.

25.     Equifax admits that on or about January 17, 2012, Equifax received a dispute from Plaintiff concerning the BB&T account.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, therefore, denies those allegations.

26.     Equifax admits that on or around January 23, 2012, it sent the results of the investigation to Plaintiff in which BB&T verified that the account was $14,931 past due and was delinquent since May 2010.  Equifax denies the remaining allegations in Paragraph 26.

27.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies those allegations.

28.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies those allegations.

29.     Equifax denies the allegations in Paragraph 29 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and, therefore, denies those allegations.

30.     Equifax denies the allegations in Paragraph 30 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, therefore, denies those allegations.

31.     Equifax admits that it notified BB&T of Plaintiff's disputes.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and, therefore, denies those allegations.

32.     Equifax restates and incorporates its responses to the preceding Paragraphs as though fully set forth herein.

33.     Equifax denies the allegations in Paragraph 33 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, therefore, denies those allegations.

34.     Equifax denies the allegations in Paragraph 34 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and, therefore, denies those allegations.

35.     Equifax denies the allegations in Paragraph 35 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and, therefore, denies those allegations.

36.     Equifax denies the allegations in Paragraph 36 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and, therefore, denies those allegations.

37.     Equifax restates and incorporates its responses to the preceding Paragraphs as though fully set forth herein.

38.     Equifax denies the allegations in Paragraph 38 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and, therefore, denies those allegations.

39.     Equifax denies the allegations in Paragraph 39 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and, therefore, denies those allegations.

40.     Equifax denies the allegations in Paragraph 40 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and, therefore, denies those allegations.

41.     Equifax denies the allegations in Paragraph 41 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and, therefore, denies those allegations.

42.     Equifax restates and incorporates its responses to the preceding Paragraphs as though fully set forth herein.

43.     Equifax denies the allegations in Paragraph 43 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and, therefore, denies those allegations.

44.     Equifax denies the allegations in Paragraph 44 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and, therefore, denies those allegations.

45.     Equifax denies the allegations in Paragraph 45 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and, therefore, denies those allegations.

46.     Equifax denies the allegations in Paragraph 46 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and, therefore, denies those allegations.

47.     Equifax restates and incorporates its responses to the preceding Paragraphs as though fully set forth herein.

48.     Equifax denies the allegations in Paragraph 48 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and, therefore, denies those allegations.

49.     Equifax denies the allegations in Paragraph 49 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and, therefore, denies those allegations.

50.     Equifax denies the allegations in Paragraph 50 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and, therefore, denies those allegations.

51.     Equifax denies the allegations in Paragraph 51 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and, therefore, denies those allegations.

52.     Equifax restates and incorporates its responses to the preceding Paragraphs as though fully set forth herein.

53.     Equifax denies the allegations in Paragraph 53 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and, therefore, denies those allegations.

54.     Equifax denies the allegations in Paragraph 54 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and, therefore, denies those allegations.

55.     Equifax denies the allegations in Paragraph 55 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and, therefore, denies those allegations.

56.     Equifax denies the allegations in Paragraph 56 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and, therefore, denies those allegations.

57.     Equifax restates and incorporates its responses to the preceding Paragraphs as though fully set forth herein.

58.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, denies those allegations.

59.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies those allegations.

60.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies those allegations.

61.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, denies those allegations.

62.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, denies those allegations.

63.     Equifax restates and incorporates its responses to the preceding Paragraphs as though fully set forth herein.

64.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, denies those allegations.

65.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies those allegations.

66.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, denies those allegations.

67.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies those allegations.

68.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, denies those allegations.

69.     Equifax restates and incorporates its responses to the preceding Paragraphs as though fully set forth herein.

70.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, denies those allegations.

71.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, denies those allegations.

72.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, denies those allegations.

73.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, denies those allegations.

74.     Equifax restates and incorporates its responses to the preceding Paragraphs as though fully set forth herein.

75.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies those allegations.

76.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, therefore, denies those allegations.

77.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies those allegations.

78.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, including all subparts, and, therefore, denies those allegations.

79.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, therefore, denies those allegations.

80.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, therefore, denies those allegations.

81.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, therefore, denies those allegations.

82.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, therefore, denies those allegations.

Equifax denies that Plaintiff is entitled to any of the relief set forth in his prayer for relief.

Equifax admits that Plaintiff demands a trial by jury.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to Plaintiff's Complaint. Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Equifax upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by other persons or entities for whom or for which Equifax is not responsible.

### THIRD DEFENSE

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiff's consumer credit file.

### FOURTH DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file, and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### FIFTH DEFENSE

Plaintiff has not sustained any damages.

### SIXTH DEFENSE

Plaintiff's damages, if any, were caused by his own acts or omissions, or the acts or omissions of third parties other than Equifax.

### SEVENTH DEFENSE

Plaintiff has not alleged any injury in fact.

### EIGHTH DEFENSE

Plaintiff has failed to mitigate his damage, if any.

### NINTH DEFENSE

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. §1681n.

### TENTH DEFENSE

Plaintiff's Complaint seeks the imposition of punitive damages.  Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

### ELEVENTH DEFENSE

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in Safeco Insurance Co. of America v. Burr, 127 S. Ct. 2201 (2007).

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)     That Equifax be dismissed as a party to this action;

(3)     That Equifax have a trial by jury on all issues so triable;

(4)     That this lawsuit be deemed frivolous and Equifax recover from plaintiff its expenses of litigation, including but not limited to attorneys' fees; and

(5)     That Equifax recover such other and additional relief, as the Court deems just and appropriate.

This 10th day of July, 2012

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2012, I will electronically file the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:

Kristi Kelly
Andrew Guzzo
SUROVELL, ISAACS, PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, VA  22030

Leonard A. Bennett
Susan Mary Rotkis
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
*Attorneys for Plaintiff*

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com